UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD W. GROVOGEL,

                        Plaintiff,

v.                                       Case No. 16-cv-1274-pp

JOHN DOE, *et al.*,

                        Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NOS. 17, 17-1) AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT ON ENCLOSED FORM BY APRIL 6, 2018, IF HE WANTS TO PROCEED**

       Plaintiff Robert D. Grovogel is representing himself, and was a prisoner when he filed the complaint. He filed this case under 42 U.S.C. §1983, challenging various aspects of his confinement at the Racine County Jail. Dkt. No. 1. On December 23, 2016, the court screened the complaint under 28 U.S.C. §1915A, and directed the plaintiff to file an amended complaint with more information if he wanted to proceed. Dkt. No. 14 at 10. On February 6, 2017, the court received the plaintiff's amended complaint, dkt. no. 17, which the court has reviewed under 28 U.S.C. §1915A.

       The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A. The court must dismiss a complaint, or part of it, if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

## Amended Complaint's Allegations

The plaintiff's amended complaint consists of a letter stating that he has included "the proper correspondence procedures and directives" which provide the necessary information as to his claims, dkt. no. 17 at 2, and a forty-page attachment, dkt. No. 17-1. As far as the court can tell, the documents in the forty-page attachment are "the proper correspondence procedures and directives" referenced in his letter, and the plaintiff intends them to be part of his amended complaint. See Dkt. No. 17-1.

The attached documents include two inmate requests for medical attention, id. at 1-2; an inmate grievance form, id. at 3; the plaintiff's handwritten version of what appears to be guidance to *pro se* litigants who file §1983 actions, id. at 4; and his handwritten version of several Wisconsin Department of Corrections administrative regulations, id. at 5-7. He also filed a document titled "Menu" which describes breakfast and lunch meals served at the Racine County Jail. Id. at 8. The plaintiff also submitted a "witness list." Id. at 9.

The next group of documents consists of several pages of allegations related to medical care; environmental and food safety issues; insufficient bathroom tissue and bedding; miscellaneous "unhealthy or dangerous conditions" such as a wet floor in the bathroom and inmates using electrical outlets to light smoking materials; and "harassment" by Officers Krier and

Dyess, such as annoying and irritating inmates when the officers make inmates get up and sit in the dayroom to do their work. Id. at 10-15. In this section, the plaintiff also describes the placement of a "heroin sick" inmate in his cell on the bunk bed above the plaintiff, without any safeguards to prevent the sick inmate from rolling out of the bed. Id. at 14-15. The sick inmate vomited badly and when the plaintiff complained about it, Officer Krier said, "I don't care. You are not entitled to any expectations—you're in jail." Id. at 14. The plaintiff believes there is "widespread negligence on the part of the jail personnel, up to and including the health care facility." Id. at 15.

Next, the plaintiff filed a copy a letter to the Jail Administrator dated March 17, 2016. Id. at 16-17. The letter contains several complaints the plaintiff has about the Racine County Jail, including officers not doing their jobs, officers using "group punishment" when it's not hard to discern which inmates need to be disciplined, and a "meal menu that the Salvation Army would be ashamed of." Id.

The plaintiff also submitted copies of a number of jail grievances. Id. at 18-20. These relate to the "heroin sick" inmate referenced above, a urinal that doesn't work, dusty intake vents which make it "extremely warm and humid" and hard to breathe, and not having received responses to grievances he filed. Id.

The majority of the rest of the plaintiff's documents relate to a shoulder injury he sustained after slipping and falling at the jail. Id. at 1-2, 23-38. Based on multiple Health Service Requests the plaintiff submitted, he appears

to allege that Racine County Jail staff members failed to treat his injury. See id. The plaintiff also submitted documents that appear to show that since his December 2016 release from the jail he has had rehabilitative therapy, and that a doctor diagnosed him with a shoulder injury, shoulder impingement, rotator cuff tendonitis and labral tear of shoulder. Id. at 39-40.

## Discussion

The documents related to the jail's alleged failure to treat the plaintiff's shoulder injury implicate his constitutional rights. The plaintiff, however, has not offered any allegations specific to this claim, only Health Service Requests that hint at a claim.

The other documents that the plaintiff submitted do not implicate his constitutional rights because, as far as the court can tell, they are general complaints about jail conditions. The plaintiff does not allege that he suffered any harm from these conditions. And as the plaintiff says, at least some of the allegations appear to be "annoyances" and "irritations;" annoyances and irritations do not constitute constitutional violations. While at the Racine Count Jail, the plaintiff didn't like how the jail was run, and he thinks it doesn't make sense and is unfair to inmates like him, who wanted to follow the rules. These concerns do not, without more, implicate the United States Constitution.

If the plaintiff wants to proceed on a deliberate indifference to serious medical need claim related to the failure to treat his shoulder injury, he should file a second amended complaint **limited to that claim**. The court has

4

enclosed a *pro se* guide and complaint form that the plaintiff **must** use to file his second amended complaint. He should read the guide and closely follow the directions when filling out the complaint, specifically as to what he needs to include in his complaint. (The court will mail the plaintiff a "prisoner" guide and form complaint because he was an inmate when he filed this case.)

The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint will any earlier complaints, and **must be complete in itself without reference to the original complaint**. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). The plaintiff must put all the facts relevant to his shoulder injury in the complaint. It is not appropriate to file a blank complaint and attach pages and pages of documents. The complaint must give the court the "who, what, when, where, why" information it needs to figure out if he alleges a constitutional violation: Who refused or failed to give him treatment for his shoulder injury? When? Where did it happen? What, exactly, happened? If the plaintiff files a second amended complaint, the court will screen it under 28 U.S.C. §1915A.

**ORDER**

The court **ORDERS** that on or before **April 6, 2018**, the plaintiff shall file

a second amended complaint on the enclosed form if he wants to proceed.

The court will mail a prisoner civil rights complaint form and guide along with this order.

Dated in Milwaukee, Wisconsin this 8th day of March, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**