UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD GROVOGEL, JR.,

                      Plaintiff,

v.                                                Case No. 16-cv-1274-pp

RACINE COUNTY JAIL,
JANE DOE, RN, and
JANE DOE, LPN,

                      Defendants.

---

**ORDER SCREENING SECOND AMENDED COMPLAINT (DKT. NO. 19)**

---

Plaintiff Robert D. Grovogel is representing himself, and was a prisoner when he filed his complaint under 42 U.S.C. §1983, challenging various aspects of his confinement at the Racine County Jail. Dkt. No. 1. On March 8, 2018, the court screened the amended complaint under 28 U.S.C. §1915A, and told the plaintiff that if he wanted to proceed, he needed to file a second amended complaint limited to his claim that the jail failed to treat his shoulder injury. Dkt. No. 18 at 4. On April 6, 2018, the court received the plaintiff's second amended complaint, which the court now has reviewed under 28 U.S.C. §1915A.

**I.    Screening the Plaintiff's Second Amended Complaint**

    A.    *Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous, malicious," or fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.   *The Plaintiff's Allegations*

The plaintiff has sued the Racine County Jail and two nurses at the jail whose names he does not know: RN Jane Doe and LPN Jane Doe. As the court

instructed him, the plaintiff has limited his second amended complaint to his allegations related to the treatment of his shoulder injury.

The plaintiff was in the Racine County Jail for just shy of a year, from June 20, 2015 through June 18, 2016. Dkt. No. 19 at 2. The plaintiff alleges that on May 16, 2016, he fell at the jail, felt a "pop," and could not move his shoulder as he could before the fall. Id. at 2-3. He wrote a "request" to the "jailer" for a "nurses request," and two days later, nurse staff saw the plaintiff. Id. at 3. They took the plaintiff's "vitals" and told him that nothing was wrong. Id.

The plaintiff subsequently complained that he could not bear weight on his left shoulder. Id. The nurse saw him and said that all he needed was "an anti-inflammatory/mild steroid." Id. The plaintiff took this medication for two days, but his shoulder pain worsened, "not because of the meds., but because the diagnosis was incorrect." Id. The plaintiff states that, "[k]nowing that I was not going to be given correct treatment, I just lived with the pain." Id.

For relief, the plaintiff seeks compensatory damages. Id. at 4.

C.   *The Court's Analysis*

Before moving to the plaintiff's substantive claims, the court notes that the plaintiff cannot sue the Racine County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Racine County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a municipality—which is not a person—may be sued under

3

§1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cty. Jail, Case No. 16-cv-1284-NJR, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department. Under Wisconsin law, the sheriff's department is an arm of the County. See Abraham v. Piechowski, 13 F. Supp.2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Racine County Jail does not have the capacity to be sued, the court will dismiss it as a defendant.

With regard to the plaintiff's claims against the nurses, the plaintiff asserts that they violated his Eighth Amendment rights. "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015) (quoting Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009)); see also Estelle, 429 U.S. at 103. To state an Eighth Amendment claim based on deficient medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition. Perez. 792 F.3d at 768 (citing Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011)).

The court finds that the plaintiff's alleged shoulder injury is a serious medical need. See Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). The question of whether the two nurse defendants were deliberately indifferent to that need is a closer question. Deliberate indifference occurs when a defendant disregards a substantial risk of serious harm to a prisoner. Perez, 792 F.3d at 776-77 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994) (plaintiff must show that officials are "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference"). Deliberate indifference reflects a mental state somewhere between negligence and purpose, and is properly equated with reckless disregard. Id. at 777 (citing Farmer, 511 U.S. at 836).

The "receipt of some medical care does not automatically defeat a claim of deliberate indifference." Id. (quoting Edwards v. Snyder, 478 F.3d 827, 831 (7th Cir. 2007)). Deliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, administers "blatantly inappropriate" medical treatment, acts in a manner contrary to the recommendation of specialists, or delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering. Id. (internal citations omitted).

The plaintiff has alleged that he told the nurses what happened, but that that they just took his vitals and told him nothing was wrong. He says that he went back to them a couple of days later, this time telling then that he could no longer bear weight on the shoulder. They told him that he only needed the anti-

inflammatory/mild steroid. He says that the pain continued, even while he was on the medication. At this early stage of the case, the court will allow the plaintiff toproceed on claims against the Jane Doe nurses based on allegations that they failed to properly treat his shoulder injury. Construed liberally, he alleges that he did not receive appropriate treatment for his injury, which resulted in his pain and suffering.[1]

The plaintiff will need to use discovery to identify the names of the Jane Doe nurses. The court will direct the Marshal's Service to serve the second amended complaint on the Racine County Sheriff for the limited purpose of allowing the plaintiff to identify the Jane Doe nurses. This means that, once the Racine County Sheriff has been served with the complaint, the plaintiff may conduct discovery (submit questions to or ask for documents from the sheriff) to find out the names of the Jane Doe nurses. Once the plaintiff has identified the two nurses, the court will direct the Marshal's Service to serve the second amended complaint on the nurses.

## II. Conclusion

The court **ORDERS** the United States Marshal to serve a copy of the second amended complaint and this order on the Racine County Sheriff under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it

---

[1] Although the plaintiff does not mention it in his second amended complaint, attachments to his first amended complaint include multiple Health Service Requests that he submitted, requesting treatment for his shoulder injury. See Dkt. No. 17-1 at 1-2, 23-38.

has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that the Racine County Sheriff shall notify the court when he has received the second amended complaint.

The court **ORDERS** that once the Racine County Sheriff has received the second amended complaint, the plaintiff may submit questions to the Sheriff, or ask the Sheriff for documents, *relating only to identifying the Jane Doe defendants*. He should tell the sheriff the dates he saw the nurses, and describe them to the best of his ability. Once the plaintiff has learned the names of the nurses, the plaintiff shall send the court a letter, asking the court to substitute the actual names for the "Jane Doe" place holders.

The court **ORDERS** that the Racine County Jail is **DISMISSED** as a defendant.

Dated in Milwaukee, Wisconsin this 9th day of May, 2018.

                    **BY THE COURT:**

                    **HON. PAMELA PEPPER**
                    **United States District Judge**